Criminal law ⊜⟹780(3)—Requested charge held properly refused as insufficient in not enabling jury to determine to whom it was applicable.

    Requested instruction that, if jury believed that any other witness beside purchaser of liquor had guilty knowledge of transaction, they could not convict on testimony of such witnesses unless corroborated, *held* properly refused as directing attention of jury to no witness, especially when evidence did not show witnesses to be accomplices.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Walter Wilmering was convicted of selling intoxicating liquor, and appeals. Affirmed.

Umphres, Mood & Clayton, of Amarillo, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. From conviction in the district court of Potter county for selling intoxicating liquor, with punishment fixed at two years in the penitentiary, this appeal is taken.

The facts show a sale of five cases of intoxicating liquor by appellant to one Spencer. Spencer testified positively to the pur-

chase of the whisky and the payment therefor. The only complaint in the brief for appellant is of the failure to give special charge No. 2. Same in substance sought to have the jury told that if they believed from the evidence that any other witness in the case besides the purchaser had a guilty knowledge of the transaction under investigation, or participated in same, they could not convict on the testimony of such witness unless there was other testimony in the case corroborative of his testimony tending to connect the defendant with the offense committed. Such a charge as this is wholly insufficient. It directs the attention of the jury to no witness and gives them no guide or direction by which they could determine to whom said charge sought application. No other witness in the case testified to any matter in any wise affecting the sufficiency of the testimony of the state witness Spencer. Spencer said that after buying the whisky from appellant he took it out and hid it in a pasture. The other state witnesses testified that at different times they saw this whisky in the pasture. None of them claim to be concerned in or to have any knowledge of or connection with the alleged sale. They would not be accomplices in the transaction. We find no witness in the record to whom the rule of accomplice testimony could be applied.

Being unable to agree with appellant's contention, the judgment will be affirmed.

---

## COOPER v. STATE. (No. 9569.)

(Court of Criminal Appeals of Texas. Nov. 25, 1925. Rehearing Denied Dec. 23, 1925.)

Forgery ⊜⟹44(½)—Evidence held to support conviction.

    In prosecution for forgery by signing fictitious name to check, evidence *held* to support conviction.

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Fred L. Cooper was convicted for forgery, and he appeals. Affirmed.

W. A. Rowe, of Houston, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. From conviction in the criminal district court of Harris county for forgery, with punishment fixed at two years in the penitentiary, this appeal is taken.

The record is devoid of any bills of exception. The statement of facts is short and shows that appellant filled out a check and signed it "W. V. Yates." The check was taken to the bank on which it was drawn, and

---

not paid because no one of that name had any account there. Other witnesses testified that appellant's name was Fred L. Cooper, and still others that they did not know any person by the name of W. V. Yates. The testimony seems sufficient.

No error appearing, an affirmance will be ordered.

W. A. Rowe, of Houston, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.